## In re PEABODY.
### Patent Appeal No. 2695.

#### Court of Customs and Patent Appeals.
April 22, 1931.

Meyers & Jones, of New York City (Charles S. Jones, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying all of the claims, Nos. 33 to 55, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in a fuel burner.

Claims 34 and 54 are illustrative. They read:

"34. In combination, a furnace having a wall with an opening therein, means for delivering a body of air for combustion with a whirling motion to said opening, and means for projecting fuel in a converging cone into said air from a source outside thereof at substantially the entrance to said opening."

"54. A fuel burner comprising a chamber provided with a frusto conical wall for directing air, and an annular slot in the wall thereof, said wall and said slot converging in the same direction and at an angle to the axis of the chamber."

The references are: Schutte, 391,865, October 30, 1888; Case, 950,996, March 1, 1910; Lindsay, 1,378,248, May 17, 1921; O'Neill et al., 1,429,090, September 12, 1922; Leps, 858,189, June 25, 1907.

Claim 34 defines a combination including a "furnace having a wall with an opening therein [shown in the patent to O'Neill], means for delivering a body of air for combustion with a whirling motion to said opening [shown in the patent to Schutte], and means for projecting fuel in a converging cone into said air from a source outside thereof at substantially the entrance to said opening [also shown in the patent to Schutte]."

Claims 44, 46, 47, 54, and 55 define, generally, a burner having a frusto-conical wall for directing air and an annular discharge opening converging in the same direction and at an angle to the axis of the chamber.

With reference to these claims, the Board of Appeals said:

"The claims above mentioned by number all call for the delivery of the air through a gradually decreasing air passage. The patent to Lindsay discloses a burner having a gradually decreasing air passage in substantially the same relationship as appellant's. The gas is delivered to the air column through an annular slot burner but the slot is not inclined as in appellant's structure and that of Schutte. An oil burner is found in Lindsay at substantially the same relative location as in appellant's structure. There are auxiliary air feed openings in Lindsay and appellant contends that the constricted passage is only for atomizing the liquid fuel but inasmuch as the specification of Lindsay in the second paragraph clearly states that either of the fuels may be employed alone it seems appar-

ent that when the oil is not being fed, some of the air will be delivered to the gas burner through the constricted passage. In any event, we do not consider that it would involve invention to give the air passage of Schutte slight constriction if desired, especially in view of the disclosure of Lindsay. In our opinion, therefore, the claims which include the constricted air passage do not patentably distinguish from Schutte."

Other features of appellant's burner are clearly shown in the other references, and we deem it unnecessary to discuss them.

It may be, as claimed by appellant in his affidavit of record, that his fuel burner is more efficient than any other burner of its class on the market, and that it is a commercial success. It may likewise be true that appellant's specification might support patentable claims. However, after giving the matter careful consideration, we are of opinion that the involved claims are sufficiently broad to read on the references or on obvious combinations thereof, and therefore are not patentable.

We are in accord with the conclusion reached by the Patent Office tribunals, and the decision of the Board of Appeals is affirmed.

Affirmed.